The Honorable John H. Dawson State Representative P.O. Box 336 Camden, AR 71701-0336
Dear Representative Dawson:
This is in response to your request for an opinion concerning 2 election laws. Your questions are:
1. What does the word "privacy" mean in A.C.A. § 7-5-310?
2. What is a "voting booth" under A.C.A. § 7-4-107?
 3. Is a paper ballot marked with a special pencil for counting by a scanner considered a paper or electronic ballot?
As to the first question, it is my opinion that the word privacy as used in A.C.A. § 7-5-310 insures that the requirement of a secret ballot is guaranteed by the county board of election commissioners, even when voters need assistance in voting. Amendment 50, section 2, of the Arkansas Constitution requires that the method of voting employed in an election guarantee the secrecy of individual votes. Section 7-5-310 and its predecessors provided by various language for the assistance to certain voters in casting their ballots.[1]
In 1987, the requirement of privacy was added to section 7-5-310 by Act 702, which stated that, "[p]rivacy shall be provided by such convenient means as determined by the presiding election judge of each polling place to insure that voters desiring privacy are not singled out." Acts 1987, No. 702, § 1.[2] Section 7-5-310 was amended in 1993 to "Require That Officials Responsible for Elections Insure That Voters Desiring Privacy Are Not Singled Out." Acts 1993, No. 513, Title. The privacy section, as amended, now reads "[e]ach voter shall be provided the privacy to mark his or her ballot. Privacy shall be provided by the county boards of election commissioners to insure that voters desiring privacy are not singled out." A.C.A. § 7-5-310 (Repl. 1993); see Acts 1993, No. 513, § 1.[3]
Thus, in my opinion, the obligation to insure privacy now falls to the county board of election commissioners by such convenient means as determined by the board. However, without a factual background of any kind, I cannot say whether the requirement of privacy has been met or not in a particular case.
With respect to the second question, it is my opinion that a voting booth under A.C.A. § 7-4-107 is an object in or at which electors may cast paper ballots "screened from observation," vis a vis others to insure the secrecy of voting. See id. at (b). It is my opinion that this screening requirement is meant to insure the secrecy of the casting of paper ballots. Elsewhere, the Election Code insures the secrecy of voting by other methods. See, e.g., A.C.A. §§ 7-5-311 (disabled voters must be able to cast ballots in secret); 7-5-504(1) and (17) (voting machines must insure secrecy and conceal the voter while voting); 7-5-522 (procedures for voting at voting machine booths); 7-5-604, -606(e)(1), and -607 (electronic voting systems must comply with other applicable laws and insure secrecy).
The obligation to insure that paper balloting is "screened from observation" falls to the county board of election commissioners under §7-4-107(b). In my opinion, this obligation is similar to the obligation that falls to the state or county board of election commissioners to approve and procure only voting machines and electronic voting systems that insure secrecy under §§ 7-5-501, -503, -504 and -604, -605, -606, -607.
Thus, in my opinion, a voting booth under § 7-4-107(b) is a booth provided by the county board of election commissioners, the placement of which screens from observation voting to insure the secrecy of paper balloting. However, without a factual background of any kind, I cannot say whether a particular voting booth meets the requirement of screened balloting or not.
In response to your third question regarding a particular ballot system, it is my opinion that a paper ballot marked with a special pencil for counting by a scanner amounts to the use of an "electronic voting system" as authorized by A.C.A. §§ 7-5-601 to 616 (Repl. 1993). See Op. Att'y Gen. 94-280; see also Op. Att'y Gen. 92-070 (copies enclosed).
Electronic voting systems are defined as those that allow "casting votes by use of marking devices and tabulating votes by use of automatic tabulating equipment or data processing equipment, but shall not include those voting machines authorized under" the election procedures chapter.Id. at § 7-5-602(5). Nevertheless, the election procedures that govern other methods of voting are applicable to electronic voting systems to the extent that such procedures are not inconsistent with electronic voting. Id. at 7-5-604(b). And, as indicated in my opinion as to the second question above, electronic voting systems must guarantee secrecy.Id. at §§ 7-5-606(e)(1) and -607.
Thus, it is my opinion that the election code seeks to insure the constitutional requirement of a secret ballot by privacy or secrecy, regardless of whether a ballot marked for scanning is considered a paper or an electronic ballot.[4]
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General David R. Raupp.
Sincerely,
WINSTON BRYANT Attorney General
WB:DRR/cyh
[1] Section 7-5-310 appears to cover assistance only to persons casting paper ballots, while § 7-5-523 covers assistance to persons using voting machines, and § 7-5-311 covers disabled voters generally.
[2] Section 7-5-523 does not mention privacy, while § 7-5-311 mentions secrecy.
[3] Both §§ 7-5-310 and -523 expired as of January 1, 1995. Acts 1993, No. 1192, §§ 1 and 2.
[4] The tenor of your questions suggests that you are concerned with the furnishing of voting booths under § 7-4-107(b) for electronically scanned balloting. Because it is my opinion that electronically scanned balloting amounts to the use of an electronic voting system, I believe that voting booths required by § 7-4-107(b) for paper balloting may not necessarily be required to satisfy the secrecy requirements expressed in § 7-5-606(e)(1) and -607.